UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

MABEL MENDOZA

    Plaintiff,

v.

TAKHAR COLLECTION SERVICES LTD,

    Defendant

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Court has supplemental jurisdiction to hear the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as said claims arise from the same transactions and occurrences.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C. §227 et seq.

**VENUE**

4. Venue is proper in this District.

5. The acts and transactions occurred in this District.

6. The Plaintiff resides in this District.

1

7. The Defendant transacts business in this Judicial District.

## PARTIES

8. Plaintiff Mabel Mendoza is a natural person who resides in the City of Evans, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Takhar Collection Services LTD., (hereinafter "Defendant") is a Foreign Corporation operating from an address of 202 Beverly Street, Cambridge, ON Canada and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is registered as a debt collector with the Colorado Attorney General's office, license number 989131.

## FACTUAL ALLEGATIONS

### FDCPA

11. The alleged debt that the Defendant is attempting to collect upon stems from a Columbia House DVD subscription which is primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5)..

12. Beginning on December 16, 2011 the Defendant, using an autodialer, began contacting the Plaintiff on her cellular telephone concerning a debt owed by another person, the Plaintiff's deceased husband.

13. When the Defendant causes the Plaintiff's telephone to ring, the Plaintiff answers and an automated recording comes on the line stating that this is Takhar Group of Companies and we have an important message for M. Ceron.

14. The automated call goes on to instruct the Plaintiff to call an 800 number regarding the message.

15. During the first call, on December 16, 2011, the Plaintiff called the Defendant back at 1-800-620-0371 to determine who and why they were calling.

16. During the conversation with the Defendant the Plaintiff indicated that she believed the debt belonged to her deceased husband and that she had never had a Columbia House DVD subscription.

17. The agent was very rude to the Plaintiff, yelling and screaming at her that she must pay the debt or it would go on her credit.

18. Even after the Plaintiff explained that it was not her debt the Defendant continued to autodial the Plaintiff with the same message.

19. Again, on December 21, 2011, December 29, 2011 and January 6, 2012 the Defendant contacted the Plaintiff and left a recorded message using a synthesized voice stating "that this is Takhar Group of Companies and we have an important message for M. Ceron Please contact us at (800) -620-0371."

20. At no time did the Defendant identify that this was an attempt to collect a debt.

21. The Plaintiff advised the Defendant that M. Ceron was her late husband.

22. In addition the Plaintiff's current husband Orlando Mendoza Sr. called the Defendant and requested to speak to a supervisor, which they refused, at which time Mr. Mendoza indicated that they had awful customer service and that they should quit calling his wife and he was going to contact an attorney.

23. Despite being given notice that the debt did not belong to the Plaintiff, and to quit calling the Defendant continued to contact the Plaintiff using their autodialing equipment on the following dates and times:

    December 21, 2011 at 7:33 p.m.

3

        December 29, 2011 at 7:21 p.m.

        January 6, 2011 at 6:46 p.m.

24. The Plaintiff has no business relationship with the Defendant and does not owe any money to the Defendant.

25. The Plaintiff considers these ongoing calls to be annoying and harassing.

26. The Defendant has ignored the demand to stop contacting the Plaintiff.

27. The contact by the Plaintiff is nothing short of harassment, in violation of 15 U.S.C. §1692d.

28. The Defendant's conduct is unconscionable and violates the prohibitions of 15 U.S.C. §1692f.

29. A debt collector may not contact any third person in connection with the debt of another unless it is for the purpose of trying to locate the debtor or unless the party being called requests ongoing contact, see 15 U.S.C §1692b(3).

30. In violation of 15 U.S.C. § 1692e(50 threatened to take an action that cannot legally be taken or that is not intended to be taken.

31. In violation of 15 U.S.C. § 1692e(11) the Defendant's communication failed to contain the mini-Miranda warning.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA) 47 U.S.C. §227

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

33. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

34. The Defendant, using an autodialer, has contacted the Plaintiff on her cellular telephone on at least four (4) separate occasions concerning the alleged debt of another person.

35. At no time has the Plaintiff given express consent to the Defendant to contact her via her cellular telephone.

36. The Plaintiff notified the Defendant to stop contacting her.

### *Respondeat Superior Liability*

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

39. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

40. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

41. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

44. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### COUNT II.

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. §227 et seq.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

47. The Plaintiff is entitled to statutory damages of $500.00 per violation of the TCPA.

48. If the Plaintiff, in the course of discovery or at trial, can establish that the Defendant knowingly and/or willfully violated the TCPA, the Plaintiff is entitled to $1,500.00 per violation of the TCPA.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:


s/Jill Gookin
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com